**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTIAN MERCADO,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | No. 1:26-cv-07631-AS<br><br>**PLAINTIFF'S MOTION TO STAY PROCEEDINGS** |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Plaintiff Christian Mercado hereby moves this Court to stay the proceedings in this case, including the deadline to submit his Response in Opposition to FedEx's Motion to Dismiss. As the Court is aware, this case is one of the more than 150 identically worded Fair Labor Standards Act (FLSA) cases filed in this District against Defendant Federal Express Corporation ("FedEx"). Given the common legal and factual issues raised between the cases, Plaintiffs filed a motion to consolidate or relate these cases with *DeLeon v. Federal Express Corporation*, 1:26-cv-07607-KPF, the first-filed such case in this District, and to reassign them to Judge Katherine Polk Failla, who is presiding over *DeLeon*. *See* Plaintiff's Motion, *DeLeon*, 1:26-cv-07607-KPF (S.D.N.Y. Nov. 5, 2026), Dkt. No. 13. On October 8, 2026, Judge Failla held a conference with the parties and stated that she would discuss the issue with the other judges in the District. The parties await Judge Failla's decision on that Motion.[1]

---

[1] Judge Failla had earlier declined to relate the cases, but that was before holding a conference with the parties and receiving Plaintiffs' motion. At the conference on October 8, she stated that she would consider whether to relate the cases and would get back to the parties on that issue.

This Court should stay the proceedings here pending a decision from Judge Failla on the Motion to Relate and/or Consolidate Cases. There is no need for this Court to rule on the legal issues presented if the case will ultimately be consolidated with more than 150 others before a different Judge.[2] These cases all raise the exact same legal issues. Indeed, the motions to dismiss FedEx has filed in this District, like the plaintiffs' complaints, are all identical. As such, if litigation over the Motion to Dismiss proceeds here and then the cases are consolidated, this Court risks issuing a ruling that is inconsistent with the ruling Judge Failla issues in the other more than 150 cases before her. Even if the outcome of the motion to dismiss litigation were the same here and in the related cases, such a ruling would be needlessly duplicative and an unnecessary use of judicial resources.

Indeed, FedEx, and other district courts, recognize that stays like the one Plaintiff seeks here are appropriate. Yesterday, FedEx and plaintiffs in identical cases in the Central District of California jointly stipulated to continue briefing deadlines on FedEx's motions to dismiss "while Plaintiff's counsel's request for consolidation within this District remains pending." Joint Stipulation, *Chervinko v. Fed. Express Corp.*, No. 2:26-cv-01965 (E.D. Cal. Nov. 19, 2026), Dkt. No. 11, attached as Exhibit B. Even before the parties filed the joint stipulation, courts in other jurisdictions where a Motion to Relate and or/Consolidate was pending in the lead case stayed litigation deadlines pending resolution of that Motion. *See, e.g.*, Order, *Gaona v. Fed. Express*

---

[2] Courts in at least sixty Districts have assigned the similar cases in their jurisdictions to one judge, either by relating or consolidating them, at least for pretrial purposes. They have done so acknowledging, as one court put it, that the cases "appear to call for the determination of the same or substantively identical issues of law and may entail unnecessary duplication of labor if heard by different judges." Order, *In the Matter of Fed. Express Corp. Delivery Driver Employment Litgation*, No. 3:26-cv-03217 (S.D. Cal. Oct. 23, 2026), Dkt. No. 11, at 4. In fact, FedEx itself has on occasion agreed with a judge that the cases should be consolidated, at least for pretrial purposes. *See* Transcript of Proceedings, *Almugtadir v. Fed Express Corp.*, No. 2:26-cv-06951 (D. Ariz. Oct. 28, 2026), at 13–14, attached as Exhibit A.

*Corp.*, 1:26-cv-07259 (E.D. Cal. Nov. 19, 2026), Dkt. No. 5, attached as Exhibit C. And in virtually every jurisdiction where the issue has been raised, other than this one, FedEx has agreed that "because the complaints are identical" it is appropriate to file one motion to dismiss "which will apply to all . . . pending actions" in a district. *See* Joint Rule 26(f) Report, *Almugtadir v. Fed. Express Corp.*, No. 2:26-cv-06951 (D. Ariz. Nov. 10, 2026), Dkt. No. 18, at 11, attached as Exhibit D. Doing so avoids the same risk of contradictory or duplicative rulings that Plaintiff seeks to avoid here.

In addition, the Court should also stay the proceedings because of the parties' pending settlement discussions. On November 13, at the parties' request, Judge Failla referred *DeLeon* to settlement discussions before Magistrate Judge Katharine H. Parker with instructions to discuss settlement in that case and in other "similar cases" in this District. Order, *DeLeon*, 1:26-cv-07607-KPF (S.D.N.Y. Nov. 13, 2026), Dkt. No. 15. Judge Parker has scheduled a pre-settlement conference call for December 1.

Accordingly, Plaintiff moves this Court to stay the proceedings in this case pending resolution of the Motion to Relate and/or Consolidate cases and also the resolution of settlement discussions in *DeLeon*.

Dated: November 20, 2026

Respectfully submitted,

CHRISTIAN MERCADO,

By his attorney,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (NY Bar No. 2971927)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com

If FedEx opposes this motion, it should file its opposition on or before **November 25, 2026**.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 23, 2026